# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEFAN GASPAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:16CV218 |
| v. | ) | |
| | ) | ORDER |
| ANNALIES GASPAR, and | ) | |
| CHRISTIANE GASPAR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on the plaintiff's Motion to Set Place of Trial ([Filing No. 15](#)). The court will deny the motion.

The plaintiff initially filed this action in state court in Lancaster County county court in Lincoln, Nebraska. ([Filing No. 1-1](#)). Upon removing the action to this court, the defendants requested trial in Omaha, Nebraska. ([Filing No. 1 at p. 2](#)). The plaintiff filed the instant motion to move the trial to Lincoln. The plaintiff asserts Lincoln will be overall more convenient for the parties because the plaintiff is a resident of Lancaster County and works in Lincoln at Chateau Development, LLC ("Chateau"), the ownership and management of which is the subject of this action. The plaintiff further states trial in Lincoln will likely be more convenient for non-party witnesses who all work in Lincoln. The plaintiff's counsel also is located in Lincoln.

The defendants oppose the motion because both defendants live internationally and three of their attorneys reside in Atlanta Georgia. The defendants argue that Omaha's airport would be more accommodating from a time and cost perspective than Lincoln's for all of the traveling counsel and defendants. The defendants further argue that the identity and number of employees of Chateau to be called is unknown and the plaintiff has not shown why Omaha would be inconvenient for witnesses who work in Lincoln.

In deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys." NECivR 40.1(b)(1). The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. See NECivR 40.1(b). The court finds the plaintiff did not meet his burden to show the transfer should be granted. Having considered the convenience of the litigants, witnesses and counsel, the court finds that the place of trial should remain in Omaha.

**IT IS ORDERED:** The plaintiff's Motion to Set Place of Trial (Filing No. 15) is denied.

**DATED: June 16, 2016.**

        **BY THE COURT:**

        s/ F.A. Gossett
        **United States Magistrate Judge**