IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEFAN GASPAR, individually and as Manager of Chateau Development, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ANNELIES GASPAR and CHRISTIANE GASPAR,<br><br>Defendants. | 8:16CV218<br><br>ORDER |

This matter is before the Court on the Findings and Recommendation (Filing No. 35) of the magistrate judge[1] recommending that Plaintiff Stefan Gaspar's ("Stefan") Motion to Remand (Filing No. 22) be granted. Defendants Annelies Gaspar ("Annelies") and her daughter, Christiane Gaspar ("Christiane," and with Annelies, "defendants"), timely objected (Filing No. 36) to the Findings and Recommendation. For the reasons stated below, the defendants' objections are overruled, the Findings and Recommendation are accepted, and the Motion to Remand is granted.

**I.   BACKGROUND**

Stefan, individually and as manager of Chateau Development, LLC ("Chateau"), originally filed this action in the County Court of Lancaster County, Nebraska as a Petition for Declaratory and Injunctive Relief Relating to the Estate of his father Otto Gaspar ("Otto"), a German national who died in Austria on May 16, 2013.[2] Stefan seeks,

---

[1]The Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska. "Although the Eighth Circuit has not ruled on the question, every circuit court to have decided the issue has concluded that a motion to remand should be treated as a dispositive matter in which only the Article III judge may enter an order." *Cmty. Dev., Inc. v. Sarpy County, Nebraska*, No. 8:16-CV-135, 2016 WL 3747545, at *1 (D. Neb. July 11, 2016) (citing *Davidson v. GeorgiaPac., L.L.C.*, 819 F.3d 758, 763-65 (5th Cir. 2016)).

[2]Under Nebraska law, county courts generally have original jurisdiction over matters relating to decedents' estates, including the probate and construction of wills.

among other things, a declaration that Otto's 34.1798% membership interest in Chateau, a Nebraska limited liability company that owns and operates apartment buildings in Lincoln, Nebraska, "has never validly been transferred" to Annelies, Otto's widow, and remains the property of Otto's estate.

On May 17, 2016, the defendants removed this action to federal court (Filing No. 1), *see* 28 U.S.C. § 1446(b), alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). That same day, the defendants filed an Answer and Counterclaim (Filing No. 2), asserting "[t]here is a real and active controversy between the parties as to whether Annelies has taken ownership and control of Otto's membership interests in Chateau." As the defendants see it, Otto "bequeathed all of his Chateau membership interests to Annelies" pursuant to Article 4 of Otto's October 5, 1994, will ("Nebraska Will"), which the defendants maintain is valid. The bulk of the defendants' arguments are predicated on their contention that "Annelies has taken ownership and control of Otto's 34.1798% Interests in Chateau," giving the defendants "80.999% of Chateau's membership interests" and thus authority to remove Stefan as manager.

In contrast, Stefan (at least at this point) contends Otto revoked the Nebraska Will when he executed a will in Canada in 2004 ("Canada Will"). As Stefan sees it now, Otto's interest in Chateau remains part of Otto's estate subject to probate, and the defendants had no right to vote Otto's Chateau interests and no power to remove him.

On June 16, 2016, Stefan moved to remand this case to state court "on the grounds that the Court lacks subject matter jurisdiction." According to Stefan, remand is required because "this case falls within the probate exception to federal jurisdiction." "The probate exception is a jurisdictional limitation on the federal courts originating from the original grant of jurisdiction in the Judiciary Act of 1789." *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 226 (3d Cir. 2008). As explained by the Supreme Court, "the

---

*See Ptak v. Swanson*, 709 N.W.2d 337, 341-42 (Neb. 2006) (citing Neb. Rev. Stat. §§ 24-517(1), 30-2211(a)).

probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).

The defendants oppose the motion, arguing Stefan "mischaracterizes the nature of this action." According to the defendants, "this action does not arise out of a dispute over [Otto's] estate," rather it "arises out of a business dispute" regarding whether the defendants own a majority of the shares of Chateau and their authority to remove Stefan as manager.

On September 1, 2016, the magistrate judge concluded the probate exception should apply and recommended this Court remand this case to state court. The magistrate judge reasoned that resolving this case will require the Court to determine the ownership of specific property Otto left when he died, which, in turn, will require the Court to "resolve the validity of Otto Gaspar's Nebraska will, construe the Canada will, and answer related transnational inheritance questions raised by the unique circumstances of this case." The defendants object.

## II. DISCUSSION

The defendants' objections to the magistrate judge's Findings and Recommendation are governed by 28 U.S.C. § 636(b)(1). Under that section, the Court must "make a de novo determination of those portions of the findings and recommendation[] to which" the defendants have objected. *Id.* The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b).

Here, the defendants contend

the Magistrate Judge erred when recommending that the Court grant Plaintiff's Motion to Remand. Specifically, (i) Otto Gaspar's estate is not

3

subject to probate; (ii) there is no uncertainty regarding the succession laws applicable to Otto Gaspar's estate; and (iii) this Court is not required to determine the validity of any Will.

In the defendants' view, this case "is nothing more than a business dispute among" Chateau's members. The defendants' arguments and objections are unavailing.

First, the defendants provide no legal authority—foreign or domestic—to support their claim that probate of Otto's estate is entirely unnecessary under what they assert is governing German succession law. Instead, the defendants rely exclusively on an email exchange between lawyers that does not even touch on the points for which the defendants cite it.

Second, the defendants attempt to minimize "the extent" to which "the adjudication of [the issues in this case] touches on matters of probate," but the crux of the parties' claims—which largely depend on resolving "the real and active controversy" over the proper disposition of Otto's membership interests in Chateau—bring this case within the probate exception. For example, the defendants argue, "To the extent there is a question regarding the validity of the Nebraska Will . . . , Defendants are not asking this Court to adjudicate that issue. Rather, Defendants are only asking the Court to recognize Annelies as the sole owner of Otto's Chateau interests at this time."[3]

But on the record before the Court, Annelies's claim to be the sole owner of Otto's interests depends entirely on the validity of the Nebraska Will and the truth of her contention that Otto "bequeathed all of his Chateau membership interests to Annelies" in that will. Indeed, the defendants specifically ask the Court to construe the Canada Will and determine "that it did not have the effect of revoking the Nebraska Will." The

---

[3]The defendants also contend (1) they "merely seek declaratory relief determining that Annelies is the sole owner of the interest in Chateau that Otto owned at the time of his death" and (2) "[t]his action only requires the Court to issue a declaratory judgment regarding *title to Otto's interests* without ordering any disposition of the same." (Emphasis added).

4

magistrate judge did not err in concluding the probate exception applies. *Cf. Lefkowitz v. Bank of New York*, 528 F.3d 102, 107 (2d Cir. 2007) (finding the probate exception applied where the plaintiff sought "declaratory relief by way of a judgment that certain assets of the [disputed] estates" were the plaintiff's property); *Wisecarver v. Moore*, 489 F.3d 747, 751 (6th Cir. 2007) (concluding a declaration regarding the validity of a probated will and whether a party should benefit from that will were "precisely what the probate exception prohibits").

### III. CONCLUSION

The unusual circumstances in this case present some novel and knotty issues. However, upon careful de novo review of those circumstances, the record, and the parties' submissions, *see* 28 U.S.C. § 636(b)(1), the Court agrees with the magistrate judge that Stefan's Motion to Remand should be granted.

IT IS ORDERED:
1. The defendants' objections (Filing No. 36) to the Findings and Recommendation are OVERRULED.
2. The magistrate judge's Findings and Recommendation (Filing No. 35) are ACCEPTED.
3. Stefan's Motion to Remand (Filing No. 22) is GRANTED.
4. This case is remanded to the County Court of Lancaster County, Nebraska.

Dated this 30th day of September, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge